**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THOMAS RAY BLUBAUGH, )<br>)<br>)<br>Defendant. )<br>) | **CIVIL ACTION**<br>No. 10-10178-01-MLB<br>No. 12-1135-MLB |

**MEMORANDUM AND ORDER**

This matter is before the court on defendant's motion to amend his §2255 petition. (Doc. 281). Defendant seeks to add two claims to the petition: (1) the government breached the parties' plea agreement by failing to file a §5K1.1 motion, and (2) defense counsel was ineffective at sentencing for failing to object to the government's breach.[1]

The government's response argues these new claims are time-barred. (Doc. 286 at 3). See 28 U.S.C. §2255(f) (adopting one-year limitations period for §2255 motions). It argues that the new claims are separate and distinct from those made in the original petition, such that they do not relate back to the date of the original filing under Fed.R.Civ.P. 15(c).

---

[1] Defendant characterizes these allegations as one additional claim, Doc. 281 at 1, but the court concludes that they constitute two claims.

The defendant's initial §2255 petition was timely filed. The parties agree that the timeliness of the additional claims depends on whether they relate back to the date of the initial filing under Rule 15(c).

**Discussion**.

Under Rule 15(c)(1)(B), an amendment to a pleading relates back to the date of the original pleading when the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."

In <u>United States v. Espinoza-Saenz</u>, 235 F.3d 501, 505 (10th Cir. 2000), the Tenth Circuit held that an amendment to a §2255 motion could relate back if "by way of additional facts, [it] clarifies or amplifies a claim or theory in the [original motion]," but not if it seeks to add a new claim or insert a new theory into the case. <u>Espinoza-Saenz</u>, 235 F.3d at 505. The defendant's initial petition in <u>Espinoza-Saenz</u> alleged various legal errors by the district court at sentencing. After the one-year limitations period expired, defendant unsuccessfully sought to add claims for ineffective assistance of counsel. The Tenth Circuit rejected this attempt, finding the amendment raised "completely new claims" of ineffective assistance of counsel that were "totally separate and distinct, 'in both time and type' from those raised in his original motion."

The Supreme Court endorsed a similar approach in <u>Mayle v. Felix</u>, 545 U.S. 644, 650 (2005) finding that an amended habeas petition does not relate back if it asserts a new ground for relief "supported by facts that differ in both time and type from those the original pleading set forth." In the habeas context, it said, Rule 15 "relaxes, but does not obliterate, the statute of limitations; hence relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." <u>Mayle</u>, 545 U.S. at 659.

In <u>Mayle</u>, the defendant's timely §2244 petition claimed that the admission into evidence of a witness's videotaped testimony violated defendant's Sixth Amendment confrontation rights. After the limitations period expired, defendant sought to add a claim that the police used coercive tactics to obtain damaging statements from him and improperly used those statements at trial in violation of his Fifth Amendment right against self-incrimination. Defendant argued these claims were based on the same "transaction or occurrence" under Rule 15(c) because both involved constitutionally-challenged pretrial statements improperly admitted into evidence at his trial. <u>Mayle</u>, 545 U.S. at 660.

The Supreme Court rejected this argument. It said defendant "artificially truncate[d]" his claims by focusing on the fact that both claims ripened upon the admission of evidence at trial. The Court pointed out that the "essential predicate" of the self-

3

incrimination claim was an out-of-court event -- the police interrogation -- and the dispositive question on that claim would be whether defendant's answers at the time of the interrogation were voluntary.

The Court observed that unlike the lenient "fair notice" pleading standards of Rule 8(a), the habeas rules require a claimant to specify all available grounds for relief and to state the facts supporting each ground. Cf. Rule 2 of the Rules Governing Section 2255 Proceedings for the United States Courts. This particularity requirement is designed to assist the district court in determining whether the government should be required to respond to a habeas petition. The Mayle Court said under the habeas rules, the petitioner was required to plead his self-incrimination and confrontation claims separately and to state the facts supporting each one. "Each separate congeries [aggregation] of facts supporting the grounds for relief, the Rule suggests, would delineate an 'occurrence.'" If the rule were otherwise, stale claims "could be revived simply because they relate to the same trial, conviction, or sentence as a timely claim, [and] AEDPA's limitation period would have slim significance." Mayle, 545 U.S. at 663. This does not mean, however, that Rule 15(c) is meaningless in the habeas context: "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."

Turning to the instant case, defendant's original §2255 petition included several allegations of ineffective assistance of counsel. One of these claimed that his attorney assured him "the Assistant US Attorney said … the proffer meeting in which I participated would be sufficient to support the government's filing a 5K1 motion on my behalf." Defendant claims he signed the plea agreement and waived his appellate rights "based on these assurances by defense counsel." (Doc. 258 at 5).

This original claim focuses on advice rendered by defense counsel before defendant entered the plea of guilty and whether that advice undermined the voluntariness of defendant's plea and waiver. The allegation that defendant was misled by counsel's assurances about a 5K1.1 motion may require examination of the 5K1 provisions in the plea agreement, the meaning of those provisions, and a determination of whether defendant understood the provisions when he pled guilty.

Defendant now seeks to add a claim that the language of the plea agreement actually obligated the government to file a 5K1.1 motion, something it concededly did not do. The court concludes this is based on the same set of operative facts and constitutes "amplification" of the original claim rather than an entirely new claim or theory. Although the latter claim is based on the language of the plea agreement as opposed to counsel's advice, both are tied to a common set of facts. Both require examination of the plea

5

agreement language concerning a 5K1 and both depend on whether defendant entered the plea based on a reasonable understanding that the government had promised to file a 5K1 on his behalf. The court concludes that the latter claim arises out of the same transaction or occurrence set out in the initial motion. Under Mayle, relation back of this claim is in order.

The same is true of defendant's claim that counsel was ineffective at sentencing for failing to object to the government's alleged breach. Although this claim is based in part on counsel's conduct at a different point in time, the claim concerns and is predicated on the same set of facts. It substantially overlaps with defendant's claim that defense counsel either misadvised him concerning a 5K1 motion or the plea agreement language required the government to file a 5K1 motion. Because this claim too is tied to the same core of operating facts, the court concludes that it relates back to the date of the original §2255 motion.

Rule 15(a)(2) provides that a party may amend its pleading with leave of court, with the court to "freely grant leave when justice so requires." The government has raised no objection to the proposed amendment other than timeliness. The court concludes that the amendment is timely, and that leave to amend should be granted.

**Conclusion**.

Defendant's motion to amend his §2255 motion (Doc. 281) is **GRANTED**. The court will consider defendant's Doc. 281 as a

supplement to the original motion to vacate. The government is granted 20 days from the date of this order to file an additional response, if it wishes to do so, to the two additional claims set forth in Doc. 281.

IT IS SO ORDERED.

Dated this 27th day of September, 2012 at Wichita, Kansas.

s/Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE